# NO. 12-08-00470-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONTRELL HIGH,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for want of jurisdiction. Appellant pleaded guilty to engaging in organized criminal activity. Sentence was imposed on July 8, 2008.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant filed a motion for new trial on August 6, 2008. Because his motion for new trial was timely, his notice of appeal was due to have been filed on or before October 6, 2008. However, Appellant did not file his notice of appeal until October 21, 2008 and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On December 1, 2008, this court notified Appellant that the information received in this appeal does not include a notice of appeal filed within the time allowed by rule 26.2, and does not include a timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeal would be dismissed unless, on or before December 11, 2008, the information received in the appeal was amended to show the jurisdiction of this court. On December 9, 2008, Appellant responded that he would be filing a request for an out of time appeal with the court of criminal appeals.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeal must be dismissed. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is *dismissed for want of jurisdiction*.

Opinion delivered December 10, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)